IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CHARLES KEITH McDONALD, III, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:20-CV-107-Z |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

On April 28, 2020, petitioner, an inmate at the Neal Unit, submitted correspondence to this Court which was filed of record as a *Petition for a Writ of Habeas Corpus*. [ECF 3]. By his habeas application, petitioner appears to assert he should be immediately released from the Texas Department of Criminal Justice, Correctional Institutions Division because, "[a]ccording to House Bill 1433," he is "not getting credit for [his] work time and good time, since [he is] still incarcerated." Petitioner appears to complain of House Bill 1433 affecting his "continued incarceration."

On May 20, 2020, the undersigned United States Magistrate Judge entered a *Briefing Order* setting out petitioner's current sentence time calculations, providing a detailed history and purpose of "HB 1433" and its inapplicability to petitioner's continued confinement, addressing petitioner's ineligibility for early release to mandatory supervision, and noting the discretionary nature of parole and the lack of a federal constitutional right to be released to parole. [ECF 5]. In the *Briefing Order*, the undersigned specifically ordered petitioner to file a pleading entitled

"Response to the Court's Briefing Order" advising the Court as to why the instant federal habeas application should not be denied. The undersigned noted it does not appear petitioner can demonstrate he has been deprived of any constitutionally protected federal right, or that the legislation challenged by petitioner has violated any constitutionally protected right of petitioner.[1] The undersigned ordered petitioner to file his response within twenty-one (21) days from the date of the Order. Petitioner was warned his failure to fully and timely comply with the Order could result in the immediate recommendation that this case be dismissed without further notification.

As of this date, petitioner has not filed a response to the Court's *Briefing Order* as specifically directed in the Order. The Court has given petitioner ample opportunity to comply with its Order, yet petitioner has failed to file any response whatsoever to the Court's Order. In fact, petitioner has not communicated with the Court, in any manner, with regard to this case since the initial filing of his pleading on April 28, 2020.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)).

Petitioner is in direct disregard of the Court's May 20, 2020 *Briefing Order*. The undersigned finds petitioner's failure to comply with an Order of the Court warrants dismissal. Accordingly, petitioner's habeas application should be dismissed [ECF 5].

---

[1] The undersigned also noted it did not appear petitioner has presented his claims to the highest state court so as to exhaust his state court remedies, and that petitioner may have submitted his federal habeas application more than a year after he could have discovered, with due diligence, the nature of his claims, thereby failing to comply with the 1-year statute of limitations applicable to federal habeas corpus petitions.

HAB54/FCR/McDONALD-107.WOP:2

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the federal habeas corpus application filed by petitioner CHARLES KEITH McDONALD, III be DISMISSED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED June 18, 2020.

*[signature]*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).